IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN TRAUL and NICKI TRAUL,         )
                                    )
                    Plaintiffs,     )
                                    )   CIVIL ACTION
v.                                  )
                                    )   No: 12-2761-JWL-GLR
NATIONWIDE AGRIBUSINESS             )
INSURANCE COMPANY,                  )
a/k/a NATIONWIDE MUTUAL             )
INSURANCE COMPANY,                  )
                                    )
                    Defendants.     )
_____)

**MEMORANDUM AND ORDER**

Defendants have filed a Motion to Amend Scheduling Order to Extend Discovery and Dispositive Motion Deadlines (ECF 21). It proposes extensions of 30 days each of the current deadlines of May 15 and May 30, 2014, respectively for discovery and dispositive motions. Plaintiffs oppose the motion. The Court has reviewed the briefing of the parties, including numerous exhibits. They address collateral issues about disclosures and discovery. But they do not adequately support the proposed need for extension of the deadlines. For the following reasons the Court denies the motion.

In support of their motion, Defendants itemize several topics not covered in detail by the discovery deposition of its corporate representative Joshua Marshall, pursuant to Fed. R. Civ. P. 30(b)(6). They have apparently provided Plaintiffs with additional information and identification of persons who have relevant knowledge of those topics. The motion itself does not clarify what specific discovery Plaintiffs now want to pursue. Nor does the briefing explain

its possible relevance to any dispositive motion.

Plaintiffs oppose the motion. They contend Defendants have provided the additional information inexcusably late, even considering the unfortunate circumstances of recent illness and incapacitation suffered by opposing counsel. Opposing the motion in its entirety, they express no intent to pursue additional discovery or to need it for any dispositive motion. They argue instead that Defendants should not be allowed at this late date to supplement their disclosures by adding witnesses and changing the information provided by the testimony of Mr. Marshall. Plaintiffs request that, if the motion be granted, ". . . that Defendants' new witnesses not previously disclosed be excluded and Defendants be prohibited from re-designating their 30(b)(6) witness to alter or revise the record as established herein." ECF 25 at 8. Plaintiffs also note that on May 12, 2014, three days before the close of discovery, Defendants served supplemental discovery responses and disclosures.

By reply memorandum Defendants argue that the testimony provided by Mr. Marshall complied with Rule 30(b)(6). They contend that the additional information more recently provided does not replace his testimony, but supplements it. They suggest that any lateness in providing it was justifiable and not intentional. They emphasize that in any event Plaintiffs have suffered no prejudice by any failure to comply with the deadlines set by the Scheduling Order. They note the trial date of November 4, 2014, more than five months away.

As thus described, the parties have converted a simple motion for extension of two deadlines into an argument about a collateral issue as to the viability of supplemental disclosures. Neither in their motion nor in their reply do Defendants identify what, if any, additional discovery they would pursue. If anything, their argument seems to suggest that the motion is to

benefit the Plaintiffs.  But Plaintiffs express no intent for further discovery and no need for more time for dispositive motions.  None of the briefing, furthermore, shows any need for additional time to file dispositive motions.  The Court declines to infer a need.

For the foregoing reasons the Court denies the motion.  In so doing, it also declines to convert a simple motion for extension of two deadlines into a collateral motion to determine the viability of any supplemental disclosures or responses to discovery.  If that is indeed an issue, the appropriate means to address it is by separate motion that adequately addresses the relevant issues, including any requirement to show prejudice, as noted by Defendants in their reply memorandum.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 21st day of May, 2014.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**