IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**John Traul and Nicki Traul,**

       **Plaintiff,**

v.                                                                Case No. 12-CV-2761-JWL

**Nationwide Agribusiness Insurance**
**Company and Nationwide Mutual**
**Insurance Company,**

       **Defendants.**

**MEMORANDUM & ORDER**

Plaintiffs filed this breach of contract action against defendants alleging that plaintiffs had property insurance coverage on the date a fire damaged plaintiffs' property and that defendants, in breach of the insurance contract, refused to cover the loss caused by the fire. Both parties filed motions for summary judgment. Defendants argued that the policy expired at the end of its term—prior to the date of the loss—due to plaintiffs' nonpayment of the renewal premium such that no coverage existed at the time of the loss. Defendants further argued that that they had no duty to comply with policy provisions regarding notice of cancellation because the policy was not cancelled but had lapsed when plaintiffs elected not to renew the policy by failing to pay the renewal premium. Plaintiffs, on summary judgment, argued that defendants undisputedly failed to comply with policy provisions requiring notice of cancellation such that the policy remained in effect on the date of the loss. In September 2014, the court granted defendants' motion for summary judgment and denied plaintiffs' cross-motion for summary

judgment. Plaintiffs now move the court to reconsider its memorandum and order granting summary judgment to defendants. The motion is denied.

Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See id*. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). In support of their motion, plaintiffs contend that the court, in resolving the parties' motions for summary judgment, misapprehended the facts, ignored certain undisputed evidence and relied on cases in resolving the motions that are inapplicable to the facts presented here. Despite the fact that each of plaintiffs' arguments was raised and addressed by the court in its memorandum and order resolving the motions for summary judgment, the court will briefly address these arguments again for plaintiffs' benefit.

Plaintiffs first contend that the court misapprehended or inappropriately weighed the testimony of defendants' Rule 30(b)(6) witness who, according to plaintiffs, admitted that defendants delivered the renewal policy such that the policy was "in effect" and could only be terminated through formal notice of cancellation. In its memorandum and order, the court explained, charitably, that plaintiffs had "misconstrued" the testimony of the Rule 30(b)(6) witness. To be clear, plaintiffs, rather than misconstruing that testimony, mischaracterized and

misrepresented the testimony of the witness. As noted in the court's memorandum and order, the witness did not testify that the renewal policy was in effect or that it could be terminated only through a formal notice of cancellation. Further, no reasonable jury could infer from the witness's testimony that the renewal policy was in effect or could be terminated only through notice of cancellation. Reconsideration of this aspect of the court's memorandum and order, then, is not warranted.

Plaintiffs next contend that the court ignored the fact that plaintiffs never received a billing statement for the renewal premium and never received notice that the policy was at risk of cancellation. Even the most cursory review of the court's memorandum and order reveals that the court plainly acknowledged, viewing the evidence in the light most favorable to plaintiffs, that plaintiffs had not received a billing statement for the renewal premium and that it was undisputed that plaintiffs had not received (and defendants had not issued) a notice of cancellation. Plaintiffs have never suggested that an insured's failure to receive a billing statement relieves the insured from his obligation to pay the required premiums and requires the insurer to provide coverage in any event. With respect to the undisputed fact that defendants never issued a notice of cancellation, this fact had no bearing on the resolution of the motions in light of the court's conclusion that the policy had lapsed of its own terms. Plaintiffs do not contend that a notice of lapse or termination is required—by contract, statute or otherwise—in light of plaintiffs' failure to renew the policy through the payment of the renewal premium. Plaintiffs, then, have not shown that this portion of the court's order is erroneous.

Finally, plaintiffs contend that the court erred in relying on *Unruh v. Prudential Prop. & Cas. Ins. Co.*, 3 F. Supp. 2d 1204, 1206 (D. Kan. 1998) because the facts of *Unruh* render it

3

inapplicable to the facts here. Plaintiffs highlight that, unlike here, no policy was ever "delivered" to the insured in *Unruh*. As indicated earlier, the mere fact that defendants delivered a renewal policy to plaintiffs does not render that policy "in effect" where it is undisputed that plaintiffs never paid any renewal premium. Plaintiffs also point out that the insured in *Unruh* received a bill for the renewal premium whereas the insured here never received a bill for payment. Again, plaintiffs do not contend that the fact that they did not receive a bill somehow relieves them of any obligation to pay the renewal premium and requires the insurer to provide coverage. As they did in their earlier submissions, plaintiffs again highlight that the policy in *Unruh* contained a "nonrenewal clause" to the effect that an insured's failure to pay a renewal premium by the date due indicated a rejection of the insurer's offer to renew the policy. As the court explained earlier, the fact that the policy at issue here contains no similar provision does not render *Unruh* unpersuasive. The court simply looked to the nonrenewal clause in the *Unruh* policy as evidence that the contract did not contain a notice requirement when an insured rejects a renewal offer. *Id*. Here, as in *Unruh*, there is no contractual provision requiring notice when an insured permits a policy to lapse by failing to pay the renewal premium. Plaintiffs have not explained in any way how the court's analysis of that issue is erroneous.

Moreover, even if *Unruh* is deemed factually distinguishable, the court would nonetheless grant defendants' motion for summary judgment based on the principles set forth in the treatises (which are generally recognized as authoritative) cited by the court in its memorandum and order. Both *Couchman* and *Appleman* recognize the distinction between the cancellation of an existing policy and the nonrenewal of a policy after the expiration or lapse of

4

an initial policy. 2 *Couch on Insurance* § 30:1 (3d ed. 2010) ("The right to cancel is the right to terminate a policy prior to its expiration as distinguished from a policy's lapse, or expiration by its own terms."); 3 *Holmes' Appleman on Insurance 2d* § 16.7 (1998) ("cancellation . . . is to be distinguished from the use of the term 'termination'"); ("[W]hen the insurer acts to terminate a policy during its term, the policy has been cancelled; when the insured fails to pay a renewal premium before the policy expiration date, . . . the policy has lapsed.").  Those treatises further recognize that notice is generally not required when a policy terminates or lapses on its own terms.  *Couch on Insurance*, *supra*, § 30:2 ("Cancellation must be distinguished from termination of the policy under its own terms since in the latter case, notice is not generally required."); *Appleman on Insurance*, *supra*, § 16.5 (an insurer has no duty to notify the insured of the expiration date of a policy unless notice is required by agreement of the parties or by statute; thus, majority view is that insurer need give no notice of the termination of policy coverage and the policy will expire by its own terms).

For the foregoing reasons, plaintiffs' motion for reconsideration is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion for reconsideration (doc. 47) is **denied.**

**IT IS SO ORDERED.**

Dated this 6th day of November, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
